**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–00043.**

United States Bankruptcy Court, D. New Hampshire.

June 4, 1991.

Catherine Shively, Manchester, N.H., Jeffrey S. Cohen, Concord, N.H., for Public Service Co.

Geoffrey Kalmus, New York City, for Unsecured Creditors Committee.

Howard J. Berman, New York City, for Equity Committee.

Mark W. Vaughn, Manchester, N.H., for State of N.H.

Jeffrey M. Sherman, Philadelphia, Pa., for Nat. Union Fire Ins. Co.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

The debtor and creditors committee objected pursuant to 11 U.S.C. § 510(b) to the claims of officers and directors of PSNH who sought indemnification for liability and expenses incurred in a securities lawsuit. The objectors objected primarily on the ground of the proper classification of their claims not the amount of the claim. This court has jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(B) and the general reference order dated February 1, 1985. This court held a hearing on this matter on February 11, 1991, and I then took the matter under submission.

## FACTUAL BACKGROUND

The officers and directors were defendants in a securities lawsuit. The lawsuit resulted from the 1985 issuance of 17½ percent debentures with warrants. The warrants could be used with either cash or debentures to purchase PSNH common stock at $5 per share. The plaintiffs alleged that they sold common stock short with the intention of delivering the stock obtained upon the conversion of the debentures and warrants to the stock purchaser. When they attempted the conversion, they allege they were advised that convertability had been suspended, which caused them damages. The complaint alleged fraud, violations of securities law, and breach of contract. This court previously approved a settlement of this action.

Under PSNH's bylaws, the defendants were entitled to be indemnified for the settlement and defense costs. However, because the Chapter 11 filing occurred shortly after the filing of the lawsuit, PSNH did not advance any funds. Nevertheless, the settlement approved by this court authorized indemnification.

Yet, the officers and directors are not the real party in interest in this proceeding because PSNH had officers and directors liability insurance with National Union Fire Insurance Company ("NUFI"). Under the terms of the insurance policy, if PSNH was not permitted to indemnity, then the deductible and self-insured retention amount was $150,000. However, if PSNH was permitted to indemnity, then the deductible and retention was $1,000,000. Since PSNH was not permitted to indemnity prior to court approval of the settlement, NUFI paid the $1,000,000. Now, after court approval of the settlement, NUFI is subrogated to the rights of the officers and directors for indemnification in the amount of $850,000.

## STATUTE

Section 510(b) of the Bankruptcy Code provides in relevant part:

For purposes of distribution ... a claim ... for damages arising from the purchase or sale of ... a security [of the debtor], or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

## ISSUES: AN OVERVIEW

There are two separate issues. First, whether the amount paid by NUFI on account of damages is reimbursement for a securities damages claim under 510(b). The crux of this issue is whether the lawsuit concerned debentures (class 10) or warrants (class 13). The second issue is whether the amount paid by NUFI for defense costs comes within the purview of 510(b).

If 510(b) applies, then NUFI's claim shall drop from class 10, which concerns general unsecured claims, to class 13, that provides for a distribution to warrant holders. The plan provides for this class:

Class 13 consists of interests of holders of Warrants and all claims against the Debtor arising out the Warrants, including, without limitation, all claims ... for damages arising from a purchase or sale of, any Warrant, or for reimbursement, indemnification or contribution on account of such a claim.

As a fall back position, NUFI argues that if its claim is subordinated, since the securities litigation and settlement involved the right to purchase common stock, then its claim should be in class 12 [1] not class 13. I disagree. The crux of the complaint concerns damages arising from the purchase or sale of warrants.

## A. DAMAGE CLAIMS

█ There is no dispute that section 510(b) would render NUFI's claim paid for

---

1. Class 12 consists of claims "for rescission of a purchase or sale of, or for damages arising from a purchase or sale of, any Existing PSNH Stock, or for reimbursement, indemnification or contribution on account of such claim."

damages subordinable if the litigation involved strictly warrants. Thus, since I construe the gravamen of the lawsuit to relate solely to the convertability of warrants, these damage claims are subordinable under the plain language of section 510(b). NUFI argues, however, that the litigation involved both debentures and warrants since they were bought and possibly sold as a package. I disagree. The debentures were merely a type of currency in the transaction, and are really unrelated to the warrant claim. Moreover, debenture holders under the plan are receiving essentially full recovery so no damages can really be attributed to them as debenture holders.

█ NUFI also argues that the damages must strictly relate to fraud and here the complaint that was settled relies on other counts as well. NUFI cites the case of *In re Stern–Slegman–Prins Co.*, 86 B.R. 994 (Bankr.W.D.Mo.1988), which does say cases based on section 510(b) have involved securities fraud. Although the claim in this case is largely based on fraud, the language of 510(b) is broad enough to include breach of contract and related actions as well. Indeed, at least one more recent case has applied section 510(b) to a case not involving any allegation of fraud. See *In re Lenco, Inc.*, 116 B.R. 141 (Bankr. E.D.Mo.1990).

## B. DEFENSE COSTS

█ "Reimbursement" was a term added to section 510(b) by Congress in 1984. Defense costs are included within this term.

In *In re De Laurentiis Entertainment Group, Inc.*, 124 B.R. 305, 308 (C.D.Cal. 1991), the court stated "[r]eimbursement by definition included indemnification, and indemnification naturally includes recovery of attorneys' fees." In this case, the attorneys' fees of an underwriter were subordinated. In making its decision, that Court ruled that a party wishing to override the clear terms of this statute has the burden of showing that "interpreting Section 510(b) consistent with the plain language of the statute would subvert Congressional intent." *Id.* at 309. This NUFI has not done. There are a variety of policy arguments both sides can make, as the *De Laurentiis* court explored, and the weight of these arguments do not clearly favor NUFI.

## CONCLUSION

The subrogated claim of NUFI, based on damages and attorneys' fees, in the amount of $850,000, should be subordinated and placed in the warrant class—class 13. This is precisely the type of claim section 510(b) was designed to address.

## ORDER

For the reasons contained in the Memorandum Opinion entered contemporaneously this day, the objection to the subrogated claim of National Union Fire Insurance Company for officers and directors indemnification is sustained in full. Thus, it is unnecessary to decide the question of the allocation between the damage claim and defense costs. This claim shall be allowed in Class 13.

DONE and ORDERED.